## KIRBY v. WAX et al.
## No. 4731.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

Thompson & Dorman, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

MILLS, Judge.

Plaintiff brings this suit against his employer and the insurer under the provisions of the Workmen's Compensation Act (Act No. 20 of 1914, as amended), claiming compensation for 400 weeks at $16.64 per week, and $100 for medical expenses. He alleges that while working for defendant Wax on the third floor of the steel framework of a building, a sheave block, weighing from twenty-five to thirty pounds, fell, and struck him on the left side and abdomen, causing contusions of the hip, abdomen, and back, enlargement of the abdomen, abnormal relaxation of the muscles of the back and abdomen, and chronic constipation. That as a result of these injuries he suffers continuous pain in the back, a great tenderness in the left side, and a decided limp in the left leg, all of which renders him permanently incapable of performing work of a reasonable character. He admits receiving two weeks' compensation amounting to $33.28.

Defendants admit the employment and the accident, but aver that the injury was slight and that the disability lasted only three weeks, for which compensation has been paid.

From a judgment awarding compensation for three weeks and five days, at $12.48 per week, or $46.34, less the $33.28 paid, plaintiff appeals, and defendants, in answer to the appeal, pray that that portion of the judgment casting them for costs be reversed, but that it be otherwise affirmed.

■■ The testimony shows that plaintiff, while standing on a steel beam on the third floor of the post office building in Monroe, was struck on the left side and back by a block, weighing about twenty-five pounds, falling from the story above, a distance of about eighteen feet. From his position and the fact that the block fell straight down, and for the further reason that only a small scratch and brush burn appeared on his side, we are satisfied that he was merely struck a glancing blow.

Plaintiff relies for recovery, not on the injuries claimed in the petition, but on the testimony of Dr. McKoin, an urologist, that when examined in April following the injury he found from a cystoscopic examination that plaintiff was suffering from a defective left kidney and a kinked ureter. He testifies that this condition may have been caused by a blow. He finds plaintiff entirely unable to work and states that, taking it for granted that the kidney was not diseased prior to the accident, he would say the blow caused the condition. He later says in his testimony that the kidney appeared to have been infected for some time.

Dr. Cummings says that an examination made March 30 showed an apparently enlarged side, but that plaintiff's symptoms did not indicate an injury to the kidney.

Dr. Moore, the other expert testifying for plaintiff, states that an X-ray shows the calices of the kidneys slightly dilated; that the left kidney is in the normal range, but somewhat dropped down; and that a kink appears in both the right and left ureter.

For defendant, Dr. McHenry, who treated him immediately after the accident for a period of eighteen days, Dr. Milam, an urologist, Dr. Proctor, a technician, Dr. Gray, to whom plaintiff went of his own accord, Dr. Snelling, Dr. Bendel, and Dr. Pearce, a radiologist, all testify that from every conceivable kind of an examination, X-ray, laboratory, cystoscope, blood, urine, and physical test, they can find nothing the matter with plaintiff beyond an infection of the prostate gland, which is not attributed to the accident. The kidneys, according to all of defendants' experts, are in proper position and above normal in function. They all testify that they can find no objective reason why plaintiff should not be able to perform manual labor.

Furthermore, the conduct of plaintiff at these examinations, and generally, throws grave doubt upon his good faith. He told Dr. Gray that he was dissatisfied with his treatment; that he was going to make defendants pay and knew how to do it. The record discloses that he had obtained compensation in some prior case. Dr. McHenry, who kept him in the sanitarium for eighteen days because of his claim of complete disability, discharged him after observing him walking on the street late at night without aid and without limping. The limp affected by plaintiff is not characteristic of a man suffering from diseased kidneys. He claims that scars on his abdomen were caused by the accident, when it is shown beyond question that they were old and in existence before that time. He told several witnesses that he would be glad when the trial was over so that he could throw away his cane and do as he pleased. Four witnesses, including the proprietor, testify that he was at a roadhouse the night before the trial, from 8 to 12, dancing, without his cane and without his limp. He and his companions admit his presence but deny the dancing. We believe that he danced, as from

the testimony we are inclined to infer that the Green Lantern, so called, was no place for an invalid.

The trial judge, who heard the witnesses and personally examined plaintiff, rejected his demand except for the time he was held under observation. Defendants, in answer to the appeal, object only to being taxed for the costs. As plaintiff recovered more than had been paid him, we think the judgment is correct in its entirety, and it is therefore affirmed.